ORIGINAL

DAVID M. LOUIE                                        2162
Attorney General of Hawai'i

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 21 2012

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

GIRARD D. LAU                                        3711
HARVEY E. HENDERSON, JR.              0929
ROBERT T. NAKATSUJI                       6743
Deputy Attorneys General
Department of the Attorney General
425 Queen Street
Honolulu, Hawai'i 96813
Tel. (808) 586-1360
Fax (808) 586-1237

Attorneys for Defendant
Neil S. Abercrombie, Governor, State of Hawai'i

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| NATASHA N. JACKSON, JANIN KLEID, and GARY BRADLEY,<br><br>Plaintiffs,<br><br>vs.<br><br>NEIL S. ABERCROMBIE, Governor, State of Hawai'i, and LORETTA J. FUDDY, Director of Health, State of Hawai'i,<br><br>Defendants. | CIVIL NO. CV11-00734 ACK/KSC<br><br>(CONSTITUTIONALITY OF STATE STATUTE)<br><br>DEFENDANT NEIL S. ABERCROMBIE'S ANSWER TO FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE |

## DEFENDANT NEIL S. ABERCROMBIE'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant NEIL S. ABERCROMBIE, in his official capacity as Governor of the State of Hawai'i, answers Plaintiffs' First Amended Complaint filed January 27, 2012.

Defendant ABERCROMBIE admits that to the extent that HRS § 572-1 allows opposite sex couples, but not same sex couples, to get married, it violates the Due Process Clause and Equal Protection Clause of the United States Constitution. In all other respects, Defendant ABERCROMBIE denies that HRS § 572-1 is unconstitutional under the United States Constitution.

Defendant ABERCROMBIE admits that HRS § 572-1, in denying all opposite sex couples the ability to get married, violates the Due Process Clause of the United States Constitution because the right to marry is a fundamental right, and there is no legitimate reason to deny otherwise qualified couples the ability to marry simply because they are of the same sex.

Defendant ABERCROMBIE also admits that HRS § 572-1, by allowing opposite sex couples, but not same sex couples, to get married violates the Equal Protection Clause of the United States Constitution. By denying all same sex couples the ability to marry, HRS § 572-1 discriminates on the basis of sexual orientation, and this discrimination, at least in the context of marriage, must be

subject to heightened scrutiny. There are no compelling, substantial, or even rational bases for such discrimination.

Defendant ABERCROMBIE asserts Article I, Section 23, of the Constitution of the State of Hawaiʻi merely provides that under the <u>Hawaiʻi State</u> Constitution, and only under the Hawaiʻi State Constitution, the Legislature has the power to reserve marriage to opposite sex couples. With that construction, Defendant ABERCROMBIE denies that Article I, Section 23, of the Hawaiʻi State Constitution violates any provision of the United States Constitution. Although the Legislature's decision to restrict marriage to opposite sex couples as stated in HRS § 572-1 violates the United States Constitution, that decision and HRS § 572-1 do not and cannot violate the Constitution of the State of Hawaiʻi, given Article I, Section 23.

Defendant ABERCROMBIE takes the above-stated positions consistent with his oath of office to defend the Constitution of the United States and the Constitution of the State of Hawaiʻi.

## RESPONSE TO ALLEGATIONS OF COMPLAINT

Defendant ABERCROMBIE responds to the allegations of the Complaint in correspondingly numbered paragraphs as follows:

1.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies the same.

2.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore denies the same.

3.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 3, and therefore denies the same.

4.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies the same.

5.  Defendant ABERCROMBIE admits the allegations of paragraph 5.

6.  Defendant ABERCROMBIE admits that Defendant FUDDY, who is sued in her capacity as the Director of the Department of Health, has the authority, responsibilities, and duties set forth in HRS §§ 26-13 and 572-5. Defendant ABERCROMBIE submits that these statutory provisions speak for themselves, and asserts that the remaining allegations as to the scope, applicability, and effect of these provisions are mere characterizations and statements of opinion, and therefore denies the same. Defendant ABERCROMBIE is without sufficient

information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 6, and therefore denies the same.

7. With respect to the allegations of paragraph 7, Defendant ABERCROMBIE admits HRS § 572-1, to the extent it allows opposite sex couples, but not same sex couples, to get married, violates the Due Process and Equal Protection Clauses of the United States Constitution. Defendant ABERCROMBIE denies the allegations in all other respects.

8. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies the same.

9. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 9, and therefore denies the same.

10. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore denies the same.

11. With respect to the allegations of paragraph 11, Defendant ABERCROMBIE admits HRS § 572-1, to the extent it allows opposite sex couples, but not same sex couples, to get married, violates the Due Process and

Equal Protection Clauses of the United States Constitution. Defendant ABERCROMBIE denies the allegations in all other respects.

12. Except for the jurisdictional defenses that Defendant ABERCROMBIE sets forth in this Answer, Defendant ABERCROMBIE admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

13. Defendant ABERCROMBIE admits that if this Court has jurisdiction over this matter, venue is proper pursuant to 28 U.S.C. § 1391.

14. Defendant ABERCROMBIE admits that people who are lesbian or gay make up a relatively powerless minority, both in Hawai'i and the United States. Defendant ABERCROMBIE submits that Plaintiffs' characterization of lesbians and gays as "unpopular" is a statement of opinion that is neither a statement of fact or law, and therefore neither admits nor denies the same. Defendant ABERCROMBIE admits that people who are lesbian or gay have been and remain subject to invidious discrimination by some private actors. Defendant ABERCROMBIE admits that same sex couples have been denied the right to marry, a right enjoyed by opposite sex couples.

15. Defendant ABERCROMBIE admits that for over twenty years, some lesbian and gay couples have fought in State and federal courts for the right to marry.

16. Defendant ABERCROMBIE neither admits nor denies the allegation of paragraph 16 because it is a statement of opinion that is neither a statement of fact nor law.

17. With respect to the allegations of paragraph 17, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 17, and therefore denies the same.

18. With respect to the allegations of paragraph 18, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 18, and therefore denies the same.

19. With respect to the allegations of paragraph 19, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 19, and therefore denies the same.

20. With respect to the allegations of paragraph 20, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself.

Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 20, and therefore denies the same.

21. With respect to the allegations of paragraph 21, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 21, and therefore denies the same.

22. With respect to the allegations of paragraph 22, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 22, and therefore denies the same.

23. With respect to the allegations of paragraph 23, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 23, and therefore denies the same.

24. With respect to the allegations of paragraph 24, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself.

Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 24, and therefore denies the same.

25. With respect to the allegations of paragraph 25, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 25, and therefore denies the same.

26. With respect to the allegations of paragraph 26, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 26, and therefore denies the same.

27. With respect to the allegations of paragraph 27, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 27, and therefore denies the same.

28. With respect to the allegations of paragraph 28, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself.

Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 28, and therefore denies the same.

29. With respect to the allegations of paragraph 29, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 29, and therefore denies the same.

30. Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 30 because they are statements of opinion that are neither statements of fact nor law.

31. Defendant ABERCROMBIE neither admits nor denies the allegation contained within the first sentence of paragraph 31 because it is a statement of opinion that is neither a statement of fact nor law. With respect to the remaining allegations contained in paragraph 31, Defendant ABERCROMBIE submits that Hawai'i law, and the legislative and constitutional record, speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 31, and therefore denies the same.

32. Defendant ABERCROMBIE admits the allegations set forth in paragraph 32.

33. With respect to the allegations of paragraph 33, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 33, and therefore denies the same.

34. Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 34 because they are statements of opinion that are neither statements of fact nor law.

35. Defendant ABERCROMBIE admits the allegations of paragraph 35, to the extent that, post-Baehr v. Miike, some jurisdictions have recognized the right of same sex couples to marry.

36. With respect to the allegations of paragraph 36, Defendant ABERCROMBIE submits that the laws of the Netherlands, Argentina, Belgium, Canada, Iceland, Norway, Portugal, Spain, South Africa, and Sweden speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 36, and therefore denies the same.

37. With respect to the allegations of paragraph 37, Defendant ABERCROMBIE submits that the laws of Mexico City, the United States, Israel, Aruba, Curacao, and Sint Maarten speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 37, and therefore denies the same.

38. With respect to the allegations of paragraph 38, Defendant ABERCROMBIE submits that the laws of Massachusetts, Iowa, New Hampshire, Vermont, the District of Columbia, Connecticut, New York, and California speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 38, and therefore denies the same.

39. With respect to the allegations of paragraph 39, Defendant ABERCROMBIE submits that the litigation records of Massachusetts, Iowa, Connecticut, and California speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 39, and therefore denies the same.

40. With respect to the allegations of paragraph 40, Defendant ABERCROMBIE submits that the Goodridge v. Department of Public Health case speaks for itself. Defendant ABERCROMBIE is without sufficient information or

knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 40, and therefore denies the same.

41. With respect to the allegations of paragraph 41, Defendant ABERCROMBIE submits that the Kerrigan v. Commissioner of Public Health case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 41, and therefore denies the same.

42. With respect to the allegations of paragraph 42, Defendant ABERCROMBIE submits that the Kerrigan v. Commissioner of Public Health case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 42, and therefore denies the same.

43. With respect to the allegations of paragraph 43, Defendant ABERCROMBIE submits that the Kerrigan v. Commissioner of Public Health case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 43, and therefore denies the same.

44. With respect to the allegations of paragraph 44, Defendant ABERCROMBIE submits that the Varnum v. Brien case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to

form a belief as to the truth or falsity of the remaining allegations of paragraph 44, and therefore denies the same.

45.  With respect to the allegations of paragraph 45, Defendant ABERCROMBIE submits that the <u>Varnum v. Brien</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 45, and therefore denies the same.

46.  With respect to the allegations of paragraph 46, Defendant ABERCROMBIE submits that the <u>Varnum v. Brien</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 46, and therefore denies the same.

47.  With respect to the allegations of paragraph 47, Defendant ABERCROMBIE submits that the <u>In re Marriage Cases</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 47, and therefore denies the same.

48.  With respect to the allegations of paragraph 48, Defendant ABERCROMBIE submits that the law of California and the constitutional record speak for themselves.  Defendant ABERCROMBIE is without sufficient

information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 48, and therefore denies the same.

49. With respect to the allegations of paragraph 49, Defendant ABERCROMBIE submits that the <u>Perry v. Brown</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 49, and therefore denies the same.

50. With respect to the allegations of paragraph 50, Defendant ABERCROMBIE submits that the <u>Perry v. Brown</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 50, and therefore denies the same.

51. With respect to the allegations of paragraph 51, Defendant ABERCROMBIE submits that the <u>Perry v. Brown</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 51, and therefore denies the same.

52. With respect to the allegations of paragraph 52, Defendant ABERCROMBIE submits that the <u>Perry v. Brown</u> case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to

form a belief as to the truth or falsity of the remaining allegations of paragraph 52, and therefore denies the same.

53. With respect to the allegations of paragraph 53, Defendant ABERCROMBIE submits that the Perry v. Brown case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 53, and therefore denies the same.

54. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 54, and therefore denies the same.

55. Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 55 because they are statements of opinion that are neither statements of fact nor law.

56. With respect to the allegations of paragraph 56, Defendant ABERCROMBIE submits that the legislative record and history regarding civil unions speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 56, and therefore denies the same.

57.  Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 57 because they are statements of opinion that are neither statements of fact nor law.

58.  Defendant ABERCROMBIE admits that a law that grants opposite sex couples the right to marry, but denies that same right to similarly situated same sex couples, deprives same sex couples who wish to marry of a fundamental right. However, Defendant ABERCROMBIE neither admits nor denies the remaining allegations of paragraph 58 because they are statements of opinion that are neither statements of fact nor law.

59.  With respect to the allegations of paragraph 59, Defendant ABERCROMBIE submits that the Baehr v. Miike case speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 59, and therefore denies the same.

60.  Defendant ABERCROMBIE admits that to the extent that HRS § 572-1 allows opposite sex couples, but not same sex couples, to get married, it violates the Due Process Clause and Equal Protection Clause of the United States Constitution.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 60, and therefore denies the same.

61.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 61, and therefore denies the same.

62.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 62, and therefore denies the same.

63.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 63, and therefore denies the same.

64.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 64, and therefore denies the same.

65.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 65, and therefore denies the same.

66.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 66, and therefore denies the same.

67.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 67, and therefore denies the same.

68.  Defendant ABERCROMBIE admits that to the extent that HRS § 572-1 allows opposite sex couples, but not same sex couples, to get married, it violates the Due Process Clause and Equal Protection Clause of the United States Constitution.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations regarding deprivation of benefits under federal law and private contracts, and therefore denies the same.  Defendant ABERCROMBIE neither admits nor denies the remaining allegations of paragraph 68 because they are statements of opinion that are neither statements of fact nor law.

69.  With respect to the allegations of paragraph 69, Defendant ABERCROMBIE admits that a law that allows opposite sex couples, but not similarly situated same sex couples, the right to marry does not serve any legitimate rational purpose of the State.  Defendant ABERCROMBIE denies the allegations in all other respects.

70.  With respect to the allegations of paragraph 70, Defendant ABERCROMBIE submits that Hawaii's civil unions law speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to

form a belief as to the truth or falsity of the remaining allegations of paragraph 70, and therefore denies the same.

71.   Defendant ABERCROMBIE admits the allegations of paragraph 71.

72.   Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 72 because they are statements of opinion which are neither statements of fact nor law.

73.   Defendant ABERCROMBIE admits that a State policy underlying the civil union law is to provide same sex civil union couples the same legal rights that are presently held by similarly situated opposite sex married couples.  Defendant ABERCROMBIE also admits that denying same sex couples the right to marry, while allowing similarly situated opposite sex couples to either marry or enter into a civil union, does not have a legitimate rational purpose, and is unconstitutional. However, Defendant ABERCROMBIE neither admits nor denies the remaining allegations of paragraph 73 because they are statements of opinion that are neither statements of fact nor law.

74.   Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 74 because they are statements of opinion that are neither statements of fact nor law.

75.  Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 75 because they are statements of opinion that are neither statements of fact nor law.

76.  Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 76 because they are statements of opinion that are neither statements of fact nor law.

77.  With respect to the allegations of paragraph 77, Defendant ABERCROMBIE submits that the Kerrigan and Perry cases speak for themselves. Defendant ABERCROMBIE neither admits nor denies the remaining allegations of paragraph 77 because they are statements of opinion that are neither statements of fact nor law.

78.  Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 78 because they are statements of opinion that are neither statements of fact nor law.

79.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 79, and therefore denies the same.

80.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 80, and therefore denies the same.

81.  Defendant ABERCROMBIE denies the allegations of the first sentence in paragraph 81.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of the second sentence in paragraph 81, and therefore denies the same.

82.  With respect to the allegations of paragraph 82, Defendant ABERCROMBIE submits that State and federal law speak for themselves. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 82, and therefore denies the same.

83.  With respect to the allegations of paragraph 83, Defendant ABERCROMBIE submits that federal law speaks for itself.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 83, and therefore denies the same.

84.  With respect to the allegations of paragraph 84, Defendant ABERCROMBIE submits that the federal law speaks for itself.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 84, and therefore denies the same.

85.  With respect to the allegations of paragraph 85, Defendant ABERCROMBIE submits that Attorney General Holder's letter speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 85, and therefore denies the same.

86.  With respect to the allegations of paragraph 86, Defendant ABERCROMBIE submits that the U.S. Department of Justice's letter speaks for itself, and Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations, and therefore denies the same.  As to the last sentence in paragraph 86, Defendant ABERCROMBIE submits that the two cases speak for themselves, and Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations, and therefore denies the same.

87.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 87, and therefore denies the same.

88.  Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 88, and therefore denies the same.

89. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 89, and therefore denies the same.

90. With respect to the allegations of paragraph 90, Defendant ABERCROMBIE submits that Article III, Section 1 of the Hawai'i Constitution speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 90, and therefore denies the same.

91. With respect to the allegations of paragraph 91, Defendant ABERCROMBIE submits that Article VI, Section 2 of the U.S. Constitution speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 91, and therefore denies the same.

92. With respect to the allegations of paragraph 92, Defendant ABERCROMBIE submits that Section 1 of the Fourteenth Amendment to the U.S. Constitution speaks for itself. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations of paragraph 92, and therefore denies the same.

93. Defendant ABERCROMBIE admits the allegations of paragraph 93.

94. With respect to the allegations of paragraph 94, Defendant ABERCROMBIE hereby incorporates his responses to paragraphs 1 through 93 above.

95. With respect to the allegations of paragraph 95, Defendant ABERCROMBIE admits that marriage is a fundamental right. Defendant ABERCROMBIE submits that the decisions of the Hawai'i Supreme Court and the United States Supreme Court speak for themselves, and denies any allegations that may inaccurately characterize those decisions.

96. With respect to the allegations of paragraph 96, Defendant ABERCROMBIE admits that if HRS § 572-1 denies Plaintiffs the right to marry the same sex person of their choice, it burdens their right to marry in Hawai'i. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as the truth or falsity of the remaining allegations contained in the second sentence of paragraph 96 of the Complaint, and therefore denies the same. Defendant ABERCROMBIE denies the allegations in all other respects.

97. With respect to the allegations of paragraph 97, Defendant ABERCROMBIE admits that the State of Hawai'i does not have a rational purpose, or a substantial or compelling reason, for denying same sex couples the right to marry, when similarly situated opposite sex couples are given the right to marry. Defendant ABERCROMBIE is without sufficient information or

knowledge to form a belief as the truth or falsity of the remaining allegations of paragraph 97, and therefore denies the same.

98. Defendant ABERCROMBIE neither admits nor denies the allegations of paragraph 98 because they are statements of opinion that are neither statements of fact nor law.

99. With respect to the allegations of paragraph 99, Defendant ABERCROMBIE admits that HRS § 572-1, to the extent it allows opposite sex couples, but not same sex couples, to get married, violates the Due Process Clause of the United States Constitution, and is thus unconstitutional. Given Defendant ABERCROMBIE's construction of Article I, Section 23, of the Constitution of the State of Hawaiʻi as merely providing that under the Hawaiʻi State Constitution, and only under the Hawaiʻi State Constitution, the Legislature has the power to reserve marriage to opposite sex couples, Defendant ABERCROMBIE denies that Article I, Section 23, violates any provision of the United States Constitution. Defendant ABERCROMBIE denies the allegations in all other respects.

100. With respect to the allegations of paragraph 100, Defendant ABERCROMBIE hereby incorporates his answers to paragraphs 1 through 99 above.

101. With respect to the allegations of paragraph 101, Defendant ABERCROMBIE admits that HRS § 572-1 permits a man and a woman to marry,

but does not permit two men or two women to marry. Defendant ABERCROMBIE denies the allegations in all other respects.

102. With respect to the allegations of paragraph 102, Defendant ABERCROMBIE admits that HRS § 572-1 may have the effect of proscribing marriage on the basis of sexual orientation. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as the truth or falsity of the remaining allegations of paragraph 102, and therefore denies the same.

103. With respect to the allegations contained in the first sentence of paragraph 103, Defendant ABERCROMBIE admits that the State of Hawaiʻi does not have a legitimate rational purpose, or a substantial or compelling reason, for denying same sex couples the right to marry, when similarly situated opposite sex couples are allowed to marry. In all other respects, Defendant ABERCROMBIE denies the allegations contained in the first sentence of paragraph 103 of the Complaint. Defendant ABERCROMBIE is without sufficient information or knowledge to form a belief as the truth or falsity of the allegations contained in the second sentence of paragraph 103, and therefore denies the same.

104. With respect to the allegations of paragraph 104, Defendant ABERCROMBIE admits that HRS § 572-1, to the extent it allows opposite sex couples, but not same sex couples, to get married, violates the Equal Protection Clause of the United States Constitution, and is thus unconstitutional. Given

Defendant ABERCROMBIE's construction of Article I, Section 23, of the
Constitution of the State of Hawai'i as merely providing that under the Hawai'i
State Constitution, and only under the Hawai'i State Constitution, the Legislature
has the power to reserve marriage to opposite sex couples, Defendant
ABERCROMBIE denies that Article I, Section 23, violates any provision of the
United States Constitution.  Defendant ABERCROMBIE denies the allegations in
all other respects.

105.  With respect to the allegations of paragraph 105, Defendant
ABERCROMBIE hereby incorporates his answers to paragraphs 1 through 104.

106.  With respect to the allegations of paragraph 106, Defendant
ABERCROMBIE admits HRS § 572-1, to the extent it allows opposite sex
couples, but not same sex couples, to get married, violates the Due Process Clause
and Equal Protection Clause of the United States Constitution.  Defendant
ABERCROMBIE denies the allegations in all other respects.

107.  Defendant ABERCROMBIE denies the allegations of paragraph 107.

108.  Any and all claims and allegations in the Complaint not heretofore
expressly admitted, are hereby denied.

# AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Some of the claims stated in the Complaint fail to state claims for which relief may be granted.

## SECOND DEFENSE

Some of the claims stated in the Complaint are barred by the doctrine of sovereign immunity or Eleventh Amendment immunity.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction to adjudicate some of the claims stated in the Complaint.  Some of the Plaintiffs may lack standing, and/or their claims are not ripe, or are otherwise non-justiciable.

## FOURTH DEFENSE

Some of the claims may be barred by applicable statute of limitations, or other statutory or administrative time deadlines, or by waiver or laches.

## FIFTH DEFENSE

If any claims for money damages are asserted, they are barred, in whole or in part, by absolute or qualified officer's immunity, and derivative immunity.

## SIXTH DEFENSE

Defendant ABERCROMBIE should not be liable for simply carrying out and enforcing statutory law when the courts have not finally declared such laws to be unconstitutional.

## SEVENTH DEFENSE

Claims for equitable relief (e.g., injunctive relief) should be denied as a matter of this Court's equitable discretion, and because it is unnecessary.

## EIGHTH DEFENSE

Special circumstances render any award of attorney's fees to Plaintiffs unjust.

WHEREFORE, Defendant ABERCROMBIE respectfully requests that this Court:

1.  Declare, if Plaintiffs satisfy jurisdiction and justiciability requirements, that the restriction of the right to marry to opposite sex couples under HRS § 572-1 violates the Due Process Clause and Equal Protection Clause of the United States Constitution.

2.  Deny Plaintiffs' other requests for relief.

3.  Grant Defendant ABERCROMBIE such other relief in law or in equity as this Court deems just and proper.

DATED: Honolulu, Hawai'i, February 21, 2012.

DAVID M. LOUIE
Attorney General of Hawai'i

_Girard D. Lau_
GIRARD D. LAU
HARVEY E. HENDERSON, JR.
ROBERT T. NAKATSUJI
Deputy Attorneys General

Attorneys for Defendant
Neil S. Abercrombie, Governor,
State of Hawai'i

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

NATASHA N. JACKSON, JANIN
KLEID, and GARY BRADLEY,

             Plaintiffs,

    vs.

NEIL S. ABERCROMBIE, Governor,
State of Hawai'i, and LORETTA J.
FUDDY, Director of Health, State of
Hawai'i,

             Defendants.

CIVIL NO. CV11-00734 ACK/KSC

(CONSTITUTIONALITY OF
STATE STATUTE)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was mailed

first-class, postage-prepaid by the last mail pick-up of the day to the following

person(s) as addressed below:

        JOHN D'AMATO, ESQ.
        JOHN T. MALONEY, JR., ESQ.
        WILLIAM LEE, ESQ.
        D'Amato & Maloney, LLP
        900 Fort Street Mall, Suite 1680
        Honolulu, Hawai'i  96813

        Attorneys for Plaintiffs

WILLIAM J. WYNHOFF, ESQ.
REBECCA E. QUINN, ESQ.
Deputy Attorneys General
Department of the Attorney General
465 Queen Street, Room 300
Honolulu, Hawai'i 96813

Attorneys for Defendant
Loretta J. Fuddy, Director of Health, State of Hawai'i

DATED:  Honolulu, Hawai'i, February 21, 2012.


*Girard D. Lau*

GIRARD D. LAU
HARVEY E. HENDERSON, JR.
ROBERT T. NAKATSUJI
Deputy Attorneys General

Attorneys for Defendant
Neil S. Abercrombie, Governor,
State of Hawai'i

450156_1.DOC                              2